# Little *v.* The State.

*Assault with Intent to Murder.*

1. *Charge; when not part of the record.*—A charge not set forth or identified by the bill of exceptions, and not marked "given" or "refused," and signed by the judge, is not part of the record, and can not become such by being copied in the transcript.

2. *Same.*—Although the presiding judge does not write "given" or "refused" upon a written charge, and does not sign his name thereto, yet, if the charge is set forth in the bill of exceptions, which shows that it was asked in writing, and that exception was reserved to the ruling of the court, error can be assigned in the appellate court on such ruling.

3. *Character; presumption as to.*—In the absence of all proof as to the character of the prisoner, it is not to be taken as either good or bad; and the jury can not presume that it is either the one or the other, but must base their verdict upon the evidence.

4. *Charge; what properly refused.*—A charge which might lead the jury to believe that irrelevant matter as to the conduct of a third person, not on trial, should influence their verdict as to the prisoner, is properly refused.

APPEAL from Circuit Court of Baldwin.

Tried before Hon. H. T. TOULMIN.

The appellant Little was convicted of an assault with the intent to murder one Daniel Weaver.

The testimony showed that the night previous to the day on which the assault was made, Weaver, and others, "were out after, or looking for, John Little, brother of defendant." The next morning the defendant, riding on a mule, saw Weaver on the road, and coming up within twenty paces of him, remarked, "you little son of a bitch, who in the hell can you arrest?" and at the same time pointed his pistol at Weaver and snapped it. One witness, in answer to a question by defendant's counsel, as to whether he knew the general reputation of defendant for peace and quiet in the community in which he lived, stated that he knew defendant as a rowdy, drinking man, but upon the court's explaining what was meant by "general reputation," &c., answered that he did not know it. The foregoing was the substance of the testimony. The bill of exceptions states, the defendant requested the following written charges: 1st. "The court charges the jury, that if they believe the defendant has proved a good character for peace and quiet in this case, this itself may be sufficient

[Little v. The State.]

to generate a doubt, even though they had no doubt, but for such proof." The court refused to give this charge and the defendant excepted. The defendant also requested the following charge: 2. "The court charges the jury that they are the exclusive judges of the testimony, and unless there is evidence of John Little, brother of defendant, being charged with an offense, they can not consider any such fact, or assumed fact, even though each one of them knew, as a positive fact, that John Little did commit some crime, and that he is now at large; *in other words, the court charges the jury they can not consider any thing as evidence, unless it has been testified to or admitted to the jury."* The court gave the italicised portion of the charge, and refused to give the remainder of it, and the defendant excepted.

On the first page of the transcript, are copied what purport to be other charges. On some of these, as copied, the word "given" was written, and on others, "refused." These latter charges, however, were not identified in any way, neither was the name of the judge signed thereto, nor were these charges in any way identified or referred to in the bill of exceptions.

The refusal of the latter charges, as well as the refusal to give the charges set out in the bill of exceptions, is now assigned for error.

JOHN H. GLENNON, for appellant.—The court should have given or refused the second charge in the terms in which it was written. It was error to qualify it, or to refuse part and give part.—*Edgar v. The State,* 43 Ala. 45. Where the defendant's character is not proved to be either good or bad, the presumption of law is that it is good, and the charge requested, as to the defendant's good character, was not abstract. It was correct as a legal proposition, and the court erred in refusing it.

JOHN W. A. SANFORD, Attorney-General, *contra.*—The charges copied into the transcript, but not signed by the judge, or referred to in the bill of exceptions, are not part of the record, and can not be considered. As to the other charges, it is sufficient to say that they were abstract.

MANNING, J.—The first of the assignments of error in this cause, relates to what purports to be a charge, number 2, which, though set forth on the first page of this record, is not contained in the bill of exceptions signed by the judge, and is not marked "refused," or "given," according to section 3109 of the Code of 1876. It, therefore, constitutes no part of the case, ought not to have been copied into the record, and affords no basis for an assignment of error.

[Little v. The State.]

We call attention to the fact, that section 3109, above referred to, concerning charges of the court to the jury, asked by either party in writing, makes it the duty of the judge not only to write "given" or "refused," as the case may be, on such written charges, but also to "sign his name thereto." Such a charge "thereby becomes a part of the record." It does not become so unless it be signed by him. Nor can we then reverse for error therein, unless it be duly shown that an exception was taken.

The writings, numbered as charges 4 and 5, to which other assignments of error refer, and which, also, are on the first page of the record—though they have the word "refused" written on them—are not signed by the judge, and they can not, therefore, be accepted as properly before us for consideration. But the bill of exceptions shows that charges to the same effect were requested on behalf of defendant, and refused by the judge, to which refusals the defendant excepted. We shall, therefore, proceed to an examination of them.

By the first of these charges, the judge was asked to instruct the jury, that if defendant had proved a good character as a quiet and peaceable man, that fact may be sufficient to generate a doubt of his guilt, though otherwise they would have had none. This charge would have been abstract. There was no evidence of his good character before the jury. The attempt to prove it failed. And in *Danner v. The State*, 54 Ala. 131, we said: "While it is true that the law presumes every one to be innocent, until the contrary appears by evidence, it does not presume every one to have a good character. . . . In the absence of all proof on the subject, his character is not to be taken as either good or bad, and the jury are not authorized, by assuming that it is one or the other, to let it have any weight in inclining them toward either his acquittal or his conviction. In such a case their verdict should be founded entirely on the evidence legally introduced, and not on any idea unsupported by direct testimony, concerning his general character." The charge requested was, therefore, properly refused.

The other charge asked was also properly refused. Whether John Little, a brother of the defendant, was guilty of a crime for which he ought to have been arrested, or not, was wholly irrelevant to the inquiry whether Joseph Little was guilty or not of the offense for which he was prosecuted. The jury ought not to have been led to suppose, as they might have been, by the charge requested, that John Little's conduct should, in any way, influence their verdict upon the indictment against Joseph Little.

[Ex parte Nettles.]

We find no error in the record, and the judgment of the Circuit Court must be affirmed.