# Dryman v. The State.

*Indictment for Assault with Intent to Ravish.*

1. *Assault with intent to rape; charge to the jury; right to embrace a woman.*—On the trial under indictment for an assault with intent to rape, a charge asked by defendant is erroneous that instructs the jury that, if a woman's conduct is such as to create the reasonable belief in the mind of a man that she is willing to his embraces, then the man has the right to act on such appearances, and if he embraces her under the honest belief that he is doing nothing objectionable to her, though without her consent, he is not guilty of an assault

2. *Defendant as a witness; result of failure to impeach him.* —While the State may impeach the credibility of a defendant testifying as a witness in his own behalf, its failure to do so is not an admission that the jury should give full credence to his testimony; and a charge is erroneous and improper which authorizes the inference, or implies, that such would be the result of the failure to impeach defendant.

3. *Assault with intent to rape; charge to the jury as to one part of the evidence, and ignoring lesser crime included in indictment*—On a trial under

[Dryman v. The State.]

an indictment for an assault with intent to rape, a charge asked by defendant that asserts that, if the offense charged was not committed, then the fact, if it be a fact, that defendant did create trouble in a man's family, and was guilty of improper conduct with the man's wife, can not be looked to to prejudice defendant, is erroneous and is properly refused, because it singles out and lays stress on a particular phase of the evidence to the exclusion of other evidence, and also ignores the lesser crime included in the indictment.

4. *Same; right of jury to say whether defendant did wrong.*—On a trial for an assault with intent to rape, a charge is properly refused which instructs the jury, that it is not for them "to say whether the defendant did wrong or not; the only wrong they are concerned about is the one charged in the indictment."

5. *Same; chastity of prosecutrix.*—On a trial under an indictment for an assault with intent to rape, a charge that instructs the jury that it is competent for defendant to prove the character of the woman alleged to have been assaulted ; and, if it is shown that her character for chastity is bad, the jury may look to such evidence to generate a doubt of defendant's guilt, is erroneous as authorizing a doubt to be generated from a certain portion of the evidence, disconnected from the other evidence in the case.

6. *Charge to the jury; defendant's character.*—In a criminal prosecution, it is error to instruct the jury that the law assumes defendant's "character to be good, until the evidence clearly shows it to be otherwise ;" and such a charge asked by defendant is properly refused.

7. *Same; jury's right to consider defendant's interest.*—While the defendant in a criminal prosecution is a competent witness, it is the jury's province to consider his interest in the result of the trial in considering his testimony ; and a charge to the jury is not erroneous that instructs them that "Although the defendant is himself a competent witness, yet in the consideration of his testimony, you would be authorized to consider the interest he has in the result of your verdict."

8. *Argumentative charges and misleading charges* are properly refused.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

The appellant in this case was indicted and tried for an assault with intent to forcibly ravish Martha E. Glasscock ; and was convicted of a simple assault, and fined $25.

The testimony for the State tended to show that on the day the prosecutrix was said to have been asssaulted, defendant was passing by her house, and after talking to a little boy at her front gate, he asked for some water; that she was sitting on the front porch, and told him to come

[Dryman v. The State.]

and get the water; that after he drank the water, he walked along the porch to where she was sitting and walked into a room, at the door of which she was sitting, and asked her to come in the room to him; that the prosecutrix refused, and continued knitting; that after awhile she wanted some thread which was just inside of the door, and as she went to get it, the defendant grabbed her with both hands, whereupon she told the defendant "to turn her loose quick;" that about that time some men passed by in a wagon, and defendant released her; that as he went off, the defendant made some threats against her and seemed to be very mad; that the prosecutrix did not scream out; but that as soon as she could lock up her house after defendant left, she went to where her nephew was working, a short way off, and told him of what had happened.

The testimony for the defendant was in conflict with that for the State; and tended to show that the prosecutrix was a woman unchaste, and her reputation for chastity and virtue was bad. The defendant, in his own behalf, testified, that he had had his arms about the prosecutrix several times; that she had embraced and kissed him several different times; and had told him of several men with whom she had been intimate; that on the occasion referred to, he did not undertake to ravish the prosecutrix; but that when passing her house, she asked him to come in, and when he went in, she threw her arms around his neck and kissed him, and stood talking to him in a very improper position; and that when he left he said to her that he was going to tell her husband what a good time they had had together; and that the next thing he knew about it was that he was arrested for an assault with intent to ravish her.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "A man may embrace a woman without her consent, and still not be guilty of an assault; he is not bound to say, 'Madam, I want to hug you,' and have her say to him: 'I agree or consent, sir, that you may hug me.' This sort of formality is not required. If her conduct at the time is such as to create the reasonable belief in the mind of the man that she is willing to his embrace, then he has the right

to act on such appearances, and if he does so under the honest belief that he is doing nothing objectionable to her, he thereby commits no assault." (2.) "When Jasper Dryman went upon the witness stand and testified as a witness in his own behalf, this made it legal and permissible for the State to assail his character by calling on his neighbors and asking them on the witness stand to testify as to his character." (3.) "The defendant is charged with an assault with intent to rape, and this offense either was or was not committed; if it was not, then the fact, if it be a fact, that the defendant did create trouble in the family of Glasscock, and have improper conduct with Glasscock's wife, can not be looked to, to prejudice defendant." (4.) "If a man puts his hands on a woman in lustful desire against her will, still this is no assault, if she had indicated by her words or conduct that such embrace was agreeable to her, or her conduct was such as to induce a reasonable man to believe that she was consenting, and was so understood by him; then, this would not be an assault." (5.) "It is not for the jury to say whether the defendant did wrong or not; the only wrong they are concerned about is the one charged in the indictment." (6.) "It is competent for the defendant to prove the character of Mrs. Glasscock; and if she appears from the evidence to be under a character bad for chastity, this is competent for the jury to look to to generate a doubt of his guilt, if they so regard it." (7.) "The law does not impute to Jasper Dryman a bad character. It assumes his character to be good until the evidence clearly shows it to be otherwise."

At the request of the State, the court gave the following charge, and to the giving of this charge, the defendant duly excepted: (1.) "Although the defendant is himself a competent witness, yet in the consideration of his testimony, you would be authorized to consider the interest he has in the result of your verdict."

J. E. Brown, for appellant.—The principles asserted in charges 1 and 4 requested by the defendant were correct, and the charges should have been given.—*McQuirk v. The State*, 84 Ala. 435; *Allen v. The State*, 87 Ala. 107. Charge number 2 asserted a correct legal proposition.— *Mitchell v. The State*, 94 Ala. 68. Charge number 3, ask-

[Dryman v. The State.]

ed by the defendant should have been given.—*Barnett v. The State,* 83 Ala. 45. The character of the prosecutrix for chastity was a proper inquiry, and charge number 6 should have been given.—*Barnett v. The State,* 83 Ala. 45 ; *Williams v. The State,* 52 Ala. 411 ; *Boddie v. The State,* 52 Ala. 395 ; *Lewis v. The State,* 35 Ala. 380.

Wm. L. MARTIN, Attorney-General, for the State.— Charge number 6 asked for the defendant was properly refused.—*Pate v. The State,* 94 Ala. 14 ; *Johnson v. The State,* 94 Ala. 35. The law raises no presumption as to defendant's character, but only a presumption as to his innocence ; and charge number 7 asked for the defendant was properly refused.— *Williams v. The State,* 54 Ala. 131 ; *Little v. The State,* 58 Ala. 265. It is well settled that in considering the testimony of defendant as a witness, the jury may take into consideration the fact that he is interested in the result of their verdict, and the charged asked by the solicitor was properly given.— *Clark v. The State,* 78 Ala. 474 ; *Pruitt v. The State,* 92 Ala. 41 ; *Rains v. The State,* 88 Ala. 91 ; *Lewis v. The State,* 88 Ala. 11.

HARALSON, J.—The only exceptions reserved arise upon the rulings of the court on the charges refused and given. The defendant requested seven charges, each of which was refused. We consider them separately.

No. 1 is argumentative, and was properly refused on that account. It was further faulty in the postulate that a man charged as defendant was, *had the right,* under the circumstances hypothesized, to embrace the woman. If under any circumstances he might be *justified* in so doing, we can scarcely hold he has any rights in the premises.

No. 2 was an improper request. While it is true, the credibility of a defendant testifying in his own behalf may be impeached, in the same manner as that of any other witness, it is not incumbent on the State to impeach him, or else be put in the attitude, as the charge implies, of tacitly admitting that the jury should give full credence to his testimony, although it may be in conflict with other evidence in the cause.

No. 3 is argumentative. It singles out and lays stress on a particular phase of the evidence, and also ignores

the lesser degree of the crime included in the indictment.

No. 4 is contradictory and confusing. It is a striking solicism to say, if a woman by her words and conduct indicates to a man that his embraces will be agreeable to her, and he responds to the invitation, that such an embrace can be against her will.

No. 5 is also contradictory and calculated to confuse: While the wrong the jury was concerned about was the one charged in the indictment, it was true, that it was for them to say, at last, whether defendant did wrong or not, a proposition the charge denies.

No. 6 is subject to the vice of singling out the evidence' tending to show the want of chastity in the prosecutrix, disconnected with the other evidence in the case, as being sufficient to generate a doubt of the guilt of the defendant.— *Pate v. State*, 94 Ala. 14; *Johnson v. State, Ib.* 35.

No. 7 is as erroneous as can be. The law makes no presumptions as to reputation. In the absence of all proof on the subject, character is not to be taken as either good or bad, and the jury are not authorized to assume that it is the one or the other, and allow the assumption to incline them to a conviction or an acquittal. *Danner v. State*, 54 Ala. 127; *Little v. The State*, 58 Ala. 265.

There was no reversible error in charge 1 given at the instance of the State.

We find no error in the record, and the judgment of the court below is affirmed.

