(81 South. 363)

STOKES v. STATE. (8 Div. 645.)

(Court of Appeals of Alabama. March 18, 1919.)

1. HOMICIDE ⊙158(3)—ASSAULT WITH INTENT—EVIDENCE—IMPERSONAL THREATS.

In prosecution for assault with intent to murder, evidence of threats made by defendant, general in character, and having no reference to the party assaulted, is not admissible.

2. HOMICIDE ⊙158(4) — THREATS AGAINST THIRD PERSONS.

In a prosecution for assault with intent to murder, evidence as to threats made by defendant against revenue men was prejudicial error, where it was not shown that the party assaulted was a revenue officer, or was in any way connected with revenue men.

3. CRIMINAL LAW ⊙419, 420(8)—EVIDENCE—HEARSAY.

In prosecution for assault with intent to murder, evidence by party assaulted that a third party had told him that the defendant had told such third party that he was going to kill party assaulted was inadmissible, being hearsay.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Allen Stokes was indicted for assault with intent to murder, convicted as charged, and sentenced to the penitentiary for a term of ten years. From the judgment, he appeals. Reversed and remanded.

J. Q. Smith, Atty. Gen., for the State.

SAMFORD, J. On the trial of the case the state introduced one Jim Brown, who, after testifying that he knew the defendant and the assaulted party and that about a week before the shooting he had had a conversation with the defendant, was asked by the solicitor, over the objection and exception of the defendant, this question:

"Go ahead and tell the jury what the conversation was."

In answer to this, the witness said:

"Me and Mr. Stokes had a conversation and were talking about the bone dry law, and I told him that I did not care if they cut out all the whisky, but, if they cut it out, to cut it all out and appoint revenue men to look up these stills and things and stop it all, and Stokes said he was in favor of doing like they done in Tennessee; that, when they sent a revenue man up there, they just shot him and threw him over behind a log and nothing more was said about it, and said there was two or three in that settlement that he was getting damned tired of, and he said he did not know whether he was going to stand it or not."

[1, 2] There was no evidence showing that the party assaulted was a revenue officer, or that he was connected in any way with revenue men. The rule is that threats made by the defendant, general in character, having no reference to the party assaulted, are not admissible on a trial charging the defendant with an assault. George v. State, 145 Ala. 41, 40 South. 961, 117 Am. St. Rep. 17. While the question asked by the solicitor was general and indefinite, the error might have been cured had the response shown a threat directed at the party assaulted; or if it had shown a general threat at a class to which the party assaulted belonged. The answer

⊙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

did neither, but tended to prejudice the minds of the jury against the defendant on his trial.

[3] Upon rebuttal Bill Treadway, the party assaulted, being examined by the state, was asked this question: "Had Stokes sent you word he was going to kill you if you didn't return the still cap?" The defendant objected to this question, the objection was overruled, and the witness answered: "That is what he sent me." The question was then asked him: "Did Mrs. Madden tell you he said that?" To this question also the defendant objected, which objection was overruled, and the witness answered: "Yes, sir." These questions called for hearsay evidence, they were objected to on that ground, and the objections should have been sustained.

For the errors pointed out, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.