(101 So. 531)
**ODOM v. STATE. (7 Div. 920.)**

(Court of Appeals of Alabama. Feb. 5, 1924. Rehearing Denied June 17, 1924.)

**1. Names** ☞16(2)—**Burrell Odom and Burl Odam held idem sonans.**

Where indictment named accused as Burrell Odom demurrer to plea of misnomer averring accused's name was Burl Odam *held* properly sustained; names being idem sonans.

**2. Criminal law** ☞201—**Conviction for violation of National Prohibition Act held not bar to prosecution under state prohibition laws.**

Conviction in federal courts for violation of National Prohibition Act is not bar to prosecution under state prohibition law, based upon same transaction.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Burrell Odom was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Odom, 211 Ala. 616, 101 So. 531.

---

E. O. McCord & Son, of Gadsden, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

FOSTER, J. The appellant was convicted for violation of the prohibition laws.

[1] The indictment named the defendant as Burrell Odom, and he interposed a plea of misnomer, and averred that his name was Burl Odam. The demurrer to the plea was properly sustained on the ground that the names Burl Odam and Burrell Odom are idem sonans. The following words have been held idem sonans: "Booth and Boothe," Jackson's Case, 74 Ala. 26; "Burdet and Boudet," "Boredet and Bouredet," Aaron's Case, 37 Ala. 106; "Edmundson and Edminson," Edmundson's Case, 17 Ala. 179, 52 Am. Dec. 169.

[2] The defendant interposed a plea of former jeopardy, setting up that he had been heretofore convicted of the same offense in the federal court. Demurrer to the plea was properly sustained. It has many times been held by this court that a prosecution in the federal courts for violation of the National Prohibition Act is not a bar to a prosecution for a violation of the state prohibition laws based upon the same transaction. Gilbert v. State, 19 Ala. App. 104, 95 So. 502; Gamlin v. State, 19 Ala. App. 119, 95 So. 505.

There is no bill of exceptions. The record discloses no error. The judgment of the circuit court is affirmed.

Affirmed.