166 So. 769

### McCOY v. STATE.

7 Div. 367.

Supreme Court of Alabama.

Feb. 13, 1936.

Rehearing Denied April 9, 1936.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

McCord & McCord, of Gadsden, and Reed & Reed, of Centre, for appellant.

FOSTER, Justice.

■ The first matter argued by counsel in brief is that the court erred in overruling the motion to quash the indictment. The motion was based on facts which may be stated thus, in substance: The judge began drawing slips of juror's names before qualifying them; he thus drew five and then put those slips back in the hat and qualified all the jurors present, and began all over and drew eighteen, which included only two of the five which he first drew. Every other feature appeared regular. The motion to quash is not the proper method of raising the question. Section 8630, Code; Reese v. State, 228 Ala. 132, 152 So. 41; Doss v. State, 220 Ala. 30, 123 So. 231, 68 A.L.R. 712.

■ But no such objection to an indictment is available, though presented properly by plea in abatement. Section 8630, Code. There are some matters not mentioned in that Code section which have been held mandatory, and that a failure to observe them is proper for plea in abatement, but they do not include the situation here shown. Doss v. State, supra.

■ The next matter argued by counsel for appellant is that the indictment alleges that defendant killed Herbert Pierce, whereas the evidence all relates to Hubert Pierce as the name of the man killed. Nowhere is there a ruling asked or made which takes note of any such difference in spelling. True the name of the dead man must be correctly stated, and a material variance is fatal. But a mere inaccuracy, where the identity of the person named in the indictment with the one named in the evidence is established, is not fatal under the modern rule. 31 Corpus Juris, 847. The rule adopted in this state is that if the variance in the name be so slight as scarce-

ly to be perceptible, and the deceased would have been readily known by the name thus called, then such variance is immaterial. Aaron v. State, 37 Ala. 106, 116; Ward v. State, 28 Ala. 53; Odom v. State, 20 Ala.App. 75, 101 So. 531; Rooks v. State, 83 Ala. 79, 3 So. 720; Donnelly v. State, 78 Ala. 453. We think that is the situation we have here in hand.

■ It is also here insisted that the court erred in overruling objections to evidence showing the conduct of defendant and his son in defendant's presence leading up to the commission of the offense, and on that day showing preparation for it and the animus of defendant toward deceased. A clear and well-supported statement of the rule in this connection was made by our Court of Appeals in Newman v. State, 25 Ala.App. 526, 149 So. 724, 725, as follows: In such trials, "evidence of connected acts and transactions leading up to and explanatory of the killing is admissible. These acts and circumstances need not necessarily be a part of the res gestæ, in the sense that they become a part of the crime itself, but they are admissible where they throw any light upon the actions, animus, or intent of the defendant, and in this case the mental attitude of defendant at the time of the fatal difficulty as bearing on the question of freedom from fault and required by defendant's plea of self-defense, becomes very pertinent." See, also, Weems v. State, 222 Ala. 346, 132 So. 711; Ford v. State, 71 Ala. 385; Cooley v. State, 7 Ala.App. 163, 62 So. 292; 16 Corpus Juris, 545, § 1040.

This is true also when such conduct involves as a part of the events the acts of defendant's son who was present when the killing was done, and when some of the evidence tends to show that he aided and abetted his father in doing it, and when those acts were done in the presence of defendant and a part of the course of events in which they both participated.

■ During that morning, and in the course of the proof of defendant's conduct just preceding the killing, but not a part of it, the court permitted the state to prove that defendant said, "I am going to hunt him up and kill him, I guess they will break my neck, but I am going to kill him." Nothing was said about who the person was about whom he was speaking. Appellant invokes the rule that threats which are general in character and have

no reference to the party assaulted are not admissible. King v. State, 89 Ala. 146, 7 So. 750; George v. State, 145 Ala. 41, 40 So. 961, 117 Am.St.Rep. 17; Henson v. State, 120 Ala. 316, 25 So. 23; Stokes v. State, 17 Ala.App. 27, 81 So. 363.

We do not think this rule is here violated, since the jury could infer from all the circumstances then and shortly thereafter occurring that defendant had reference to the one who was soon afterwards on the same day killed by him without provocation, according to some of the evidence.

■ All charges refused appellant invade the province of the jury in seeking to instruct them that they should acquit the defendant if the witness has willfully sworn falsely as to a material fact. Jackson v. State, 136 Ala. 22, 34 So. 188, charge No. 16; Osborn v. State, 125 Ala. 106, 27 So. 758; Moore v. State, 68 Ala. 360; Bush v. State, 19 Ala.App. 650, 100 So. 307, charge No. 7. The charges approved in the Jackson Case, supra, are materially different and do not thus invade the province of the jury. The jury may disregard the evidence of this witness without necessarily acquitting defendant. It is their province to convict him if the whole of the evidence, taken together, is sufficient even though the chief witness for the state may have willfully sworn falsely as to a material fact. The charge should not have gone further than to say that under such circumstances the jury may find him not guilty; not must or should do so. See charge No. 1 in the Jackson Case, supra.

The trial court gave to the jury charges more favorable than the cases authorize, notably those numbered 1, 13, 14, and 18. All of those charges state a principle similar to that in charge 16 in the Jackson Case, supra, and different from charge No. 1 in that case, in that, in them the jury is directed as to their verdict based on the hypothesis named, whereas it should be left to their discretion.

Appellant therefore suffered no prejudice by the refusal of the charges lettered A to E, each consecutively.

We have considered this entire record, and find that in respect to all the proceedings the requirements of the law were carefully observed, and no error or irregularity appears anywhere in it.

The judgment of conviction and sentence of the court are therefore affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.