173 So. 645

## SLAYTON v. STATE.

### 6 Div. 64.

Supreme Court of Alabama.

Jan. 23, 1937.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

. Horace C. Wilkinson, of Birmingham, opposed.

BOULDIN, Justice.

This is a second petition for certiorari to the Court of Appeals in this cause.

On first petition we held the Court of Appeals in error in holding there was no evidence corroborative of the testimony of the accomplice as required by Code, § 5635, and remanded the cause to the Court of Appeals for further consideration. Ex parte State of Alabama ex rel. A. A. Carmichael, Attorney-General (Frank Slayton v. State of Alabama), ante, p. 1, 173 So. 642.

On further consideration, the Court of Appeals, in an extended opinion, held there was reversible error in the refusal of a charge requested by defendant in writing; and in the admission of certain evidence.

In reviewing the extended opinion now before us, we deem it our duty, in the exercise of our constitutional function of supervising other jurisdictions, to deal with that portion of the opinion of the Court of Appeals which misconceives the law governing a review of the rulings of the trial court, especially the application of rule 45.

Says the Court of Appeals (173 So. 632 [1]):

"It is held in Diggs v. State, 49 Ala. 311, that the admission of irrelevant evidence is an error which will work a reversal of the judgment unless the record clearly shows that no injury could possibly have resulted. And in Jackson v. State, 52 Ala. 305, it is held that where illegal evidence has been admitted a reversal must follow unless the court can clearly see that the illegal evidence could not have prejudiced defendant, and this although the appellate court may not be able to see that injury resulted from the error. Williams v. State, 83 Ala. 16, 3 So. 616. To the same effect are Ridgell v. State, 1 Ala.App. 94, 55 So. 327, Phillips v. State, 3 Ala.App. 218, 57 So. 1033, Watson v. State, 8 Ala.App. 414, 62 So. 997, Powe v. State, 19 Ala.App. 215, 96 So. 370, 371. In the latter case it is said, 'where error is shown to have been committed by a trial court, injury is presumed, and the burden and obligation to subsequently remove and to wholly neutralize the prejudicial effect wrought by the admission, over the adversary's seasonable objection and exception of such illegal matter, is upon the party inducing the admission of such illegal matter as evidence in the cause.' Watson v. Adams, 187 Ala. 490, 65 So. 528, Ann.Cas.1916E, 565; Davis v. State, 18 Ala.App. 482, 93 So. 269; Booker v. State, 23 Ala.App. 78, 121 So. 3; Halford v. State, 24 Ala.App. 540, 137 So. 679.

"We therefore hold that Supreme Court Rule 45 does not apply and is not applicable in the instant case, and that the rulings of the court on the admission of the testimony of Joe Watts constituted error to reversal."

Rule 45 was promulgated in 1913, and first appeared in volume 175 Alabama Reports.

In Henderson v. Tennessee Coal, Iron & Ry. Co., 190 Ala. 126, 129, 67 So. 414, 415, decided in 1914, opinion by Chief Justice Anderson, it was declared: "It is no doubt true that rule 45, which is as follows: 'Hereafter no judgment will be reversed or. set aside, nor new trial granted by this court or by any other court in this state, in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless, in the opinion of the court to which the appeal is taken, or application

---

[1] 27 Ala.App. 422.

is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties'—was intended to obviate previous rulings as to reversing cases upon the mere presumption of injury, whenever error was shown, and makes it incumbent upon an appellant to not only show error but also that he was probably injured thereby."

By express terms the rule applies to both criminal and civil causes; includes rulings on evidence, on pleadings, and instructions to juries. No judgment will be reversed, says the rule, "unless in the opinion of the court * * * *after an examination of the entire cause, it should appear* that the error complained of has probably injuriously affected substantial rights of the parties." (Italics supplied.)

We need do no more than say the construction of the rule in the Henderson Case, supra, has been followed and applied in a vast number of cases, of which we cite a few: Southern Ry. Co. v. Montgomery, 229 Ala. 456, 157 So. 854; Alaga Coach Line, Inc. v. McCarroll, 227 Ala. 686, 151 So. 834, 92 A.L.R. 470; Dorough v. Alabama Great Southern R. Co., 221 Ala. 305, 128 So. 602; Mobile Light & Railroad Co. v. Portiss, 195 Ala. 320, 70 So. 136; McCray v. Sharpe, 188 Ala. 375, 66 So. 441; Wise, Administrator v. Curl et al., 177 Ala. 324, 58 So. 286; Athey v. Tennessee Coal, Iron & Railway Co. et al., 191 Ala. 646, 68 So. 154; Berry v. Dannelly, 226 Ala. 151, 145 So. 663; St. Louis-San Francisco Ry. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433; United States Fidelity & Guaranty Co. v. Yeilding Bros. Co. Department Stores et al., 225 Ala. 307, 143 So. 176; 2 Alabama Digest, Appeal and Error, page 810, ☞1032(2).

 In the quoted portion of the opinion of the Court of Appeals it appears that court has inadvertently reverted to the old rule of presumption of injury which rule 45 was intended to abolish. The Court of Appeals, we are sure, is quite in harmony with the endeavors of all courts in this day to get away from the reversal of causes on other than substantial grounds. This rule is nowhere more important than in the effective enforcement of the criminal laws.

In view of error in the application of rule 45, the certiorari will be granted that both matters held reversible error in the outstanding opinion may be reconsidered in the light of the entire record, as well as section 9509 of the Code.

In view of suggestions in the minority opinion, indicating that other facts appear of record material to be considered in passing upon the admissibility of the evidence in question, and further contentions of the Attorney General, that this evidence is competent as touching the act of one conspirator in furtherance of a common criminal design, we feel these matters should be fully considered and decided.

It should be kept in mind that corroborative evidence of an accomplice is of two kinds. One includes facts and circumstances ascertained in checking up on his version of the affair, matters tending to support the truth of his testimony, or vice versa. The competency of this class of circumstantial evidence does not turn on whether it tends to connect the defendant with the crime. The other class, one essential to conviction, is corroborative evidence which does tend to connect the defendant with the crime. This latter class must be proven beyond a reasonable doubt. As to the other, the jury may not believe the evidence of the accomplice beyond a reasonable doubt with respect to details, but still believe his evidence on the facts essential to a conviction beyond a reasonable doubt, and, if corroborated as the law requires, a conviction should follow. These principles should be kept in mind in considering the entire record and passing upon the charge in question.

Writ granted; reversed and remanded to the Court of Appeals.

All the Justices concur.

