182 So. 414

**FREELAND v. STATE.**

**6 Div. 239.**

Court of Appeals of Alabama.

May 24, 1938.

Rehearing Stricken June 21, 1938.

Wm. C. Rayburn, of Guntersville, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The prosecution in this case was begun by indictment, charging in the first count

the burglary of a shop, and in the second count the larceny of certain personal property from a blacksmith shop, exceeding in value five dollars.

The indictment was in code form, and neither count was subject to any demurrer interposed.

The defendant filed his motion to quash the indictment returned against him, setting out the following grounds:

"1. Because there was not sufficient, legal, competent evidence before the Grand Jury on which to predicate an indictment against him.

"2. Because there was not sufficient evidence before the Grand Jury on which an indictment should be returned into court.

"3. Because the legal competent evidence before the Grand Jury was insufficient to secure an indictment.

"4. Because there was no corroboration of the State witness who was an accomplice in the crime with defendant.

"5. Because there was not sufficient corroboration of the accomplice, who was the only witness before the Grand Jury."

On motion of the Solicitor, the motion to quash was stricken, and this action is insisted upon as error.

In stating the rule applicable in such matters, this court in Gore v. State, 22 Ala.App. 136, 114 So. 791, said (page 792): "We have but to say that the court may not inquire into the sufficiency of the evidence upon which an indictment is predicated."

Grounds 1, 2, 3, and 5 of defendant's motion to quash raise the question of the sufficiency of the evidence before the Grand Jury, which may not be done.

Ground 4 of defendant's motion to quash does not confine the corroboration to the inquiry before the Grand Jury; nor does it appear therefrom that the accomplice was the only witness before the Grand Jury. The court did not err in granting the State's motion to strike the motion to quash.

The case presents no questions, new or novel. The prosecution was for a plain, simple case of burglary and grand larceny dependent upon proof of facts connecting the defendant with the crime. There were numerous objections and exceptions interposed during the taking of the testimony.

If there was technical error in any of the court's rulings on these questions, they were not of such a nature as to affect the defendant's substantial rights.

The burglary was proven by the State without serious conflict. The articles of personal property taken from the blacksmith shop were found in the possession of one Claude Elrod, and returned to the owner. This fact was not denied.

The State then introduced as a witness Claude Elrod, who testified in detail as to the burglary of the shop and the felonious taking of the personal property which was deposited in his house. In this testimony he implicated this defendant in the crime, and in fact, his testimony, if believed, made this defendant the principal and instigator of the crime. Admittedly, Elrod was an accomplice, and under Section 5635 of the Code of 1923, his testimony alone was not sufficient to sustain a conviction of this defendant.

[3] The Section of the Code above cited provides that: "A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense." Section 5635 of the Code, supra, has been the subject of many decisions both of this court and of the Supreme Court. The most exhaustive consideration of which is to be found in the case of Slayton v. State, 27 Ala.App. 422, 173 So. 632; Id., 234 Ala. 1, 173 So. 642; Id., 234 Ala. 9, 173 So. 645. In the Slayton Case, supra, the rule is thus stated (page 644): "Whether or not there was any evidence corroborating the accomplice witness, and tending to connect the defendant with the commission of the offense, was a question of law to be determined by the court; but its probative force and sufficiency, along with the testimony of the accomplice to establish the defendant's guilt beyond a reasonable doubt, were questions for the jury." Authorities, supra.

In the instant case the State introduced in corroboration of the testimony of the accomplice Mrs. Elrod, his wife. Without going into detail as to what this testimony was, we are of the opinion that, according to the rules, it was sufficient to go to the jury in corroboration of the testimony of the accomplice, and if believed by the jury beyond a reasonable doubt was sufficient when taken and con-

sidered in connection with the testimony of Elrod to sustain a conviction as against this defendant.

■ The defendant introduced much testimony tending to impeach the character of Elrod for truth and veracity, and several witnesses testified that they would not believe him on oath in a court of justice. Nonetheless, even though as a witness he was successfully impeached if his testimony was sufficiently corroborated, the jury could take the whole testimony, consider it together, and upon such evidence base a verdict of conviction.

The various and many objections to this testimony were in many instances captious, and in none of the rulings of the court during the examination of witnesses do we find any error that would justify a reversal.

■ At the conclusion of the very clear, concise and full charge of the court on the law of the case, the defendant requested the court, in writing, to give fifty charges. Of these the court gave twenty-three and refused twenty-seven. The general charge of the court and the written charges given at the request of the defendant in writing covered every phase of this case; defining the offense, the weight to be given the testimony of witnesses, the necessity for corroboration of an accomplice, and all of the charges refused to the defendant which stated correct propositions of law might well have been refused on the ground that they were fully and amply covered by the court in its oral charge, or by the written charges requested by the defendant.

■ Aside from that, the charges insisted upon as error do not appear in the transcript in compliance with the Statute, which provides: "Charges moved for by either party must be in writing, and must be given or refused in the terms in which, they were written; and it is the duty of the judge to write 'given' or 'refused,' as the case may be, on the document, and sign his name thereto; which thereby becomes a part of the record." Code 1923, § 9509. None of these refused charges appear to be endorsed as required by the Statute, in the absence of which this court will not consider them on appeal. Mason v. State, 16 Ala.App. 405, 78 So. 321; Little v. State, 58 Ala. 265; Batson v. State, 216 Ala. 275, 113 So. 300.

It would seem that where an exception was reserved to a refusal of charges not marked and signed as required by the Statute, and incorporated in the bill of exceptions, such exception would be considered. Little v. State, 58 Ala. 265. But, that question is not presented here, for the reason no exception was reserved in the lower court.

We find no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

SAMFORD, Judge.

The records of this court reveal that this cause was affirmed on May 24th, 1938. It appears that on June 9th, 1938, application for rehearing was filed, but without an accompanying brief. On June 11th, 1938, brief was filed by appellant, but neither the application nor the brief were filed in compliance with Supreme Court Rule 38, which as far as applicable, reads as follows:

"All applications for rehearing must be filed with the clerk of the court, accompanied by brief for the applicant and a certificate of counsel that a copy of such brief has been delivered to opposing counsel, within fifteen days after the rendition of the judgment whether such period extends beyond the term of the court or not; and such application may be passed upon at any regular or special term of the court. *No application shall be received or filed which is not presented in strict compliance with this rule.*" (Italics ours.)

The application without attached brief was filed on the sixteenth day, which is one day beyond the limitation of the rule, and the brief on application, without the required certificate, was filed two days later.

■ The Attorney General makes his motion to strike the application. This motion of the Attorney General must be granted. The rules of the court are made for the orderly disposition of causes, and attorneys should familiarize themselves with them, and comply with the requirements. Caraway v. State, 207 Ala. 588, 93 So. 548; Gilbert v. State, 20 Ala.App. 28, 100 So. 566; Shirey v. State, 18 Ala.App. 109, 90 So. 72; Hollander v. State, 27 Ala. App. 454, 173 So. 891.

██ The application for rehearing cannot, under the rules, be considered, and the motion of the Attorney General to strike the application is granted.

Motion granted.