2 So.2d 472

.ADCOCK v. STATE.

8 Div. 996.

Court of Appeals of Alabama.

April 8, 1941.

Rehearing Denied May 20, 1941.

Robert Proctor, of Huntsville, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon an indictment which charged this appellant (defendant) with the offense of assault with intent to murder, he was tried and convicted of assault and battery, and the jury assessed a fine of $150. Failing to pay the fine, and costs of the case, or to confess judgment therefor, the court, as the law requires, sentenced him to perform hard labor for the county for the correct period of time fixed by the governing statutes. Judgment of conviction, proper in form and substance, was pronounced and entered, from which this appeal was taken.

Upon the trial in the court below a large number of witnesses were examined by the State, and, also by the defendant. The evidence thus adduced was in hopeless conflict making, therefore, a jury question, which rendered inapt the general affirmative charge requested in writing by the defendant. There is no phase of this case which entitled the defendant to the general affirmative charge.

It is without dispute, however, that Tom Bragg, the alleged injured party, was grievously, and severely wounded, on the occasion in question, by having been cut with a knife on his arm, and upon his body, which necessitated about 22 stitches by the attending physician or surgeon, to sew up the wounds. The evidence for the State was direct and positive to the effect that this appellant was the person who inflict-

188

ed the knife wounds upon Bragg; and further, the State's evidence tended to show that the defendant not only fought willingly, but was also the aggressor in the difficulty.

The evidence for the defendant tended to show that he, the defendant, was not the person who inflicted the knife wounds upon the alleged injured party; and, further, that his participation in the general melee upon that occasion was in self-defense, which was the purport of his plea in answer to the indictment.

■ All the material questions involved upon the trial below were, as stated, questions for the jury to determine. The jury decided adversely to the defendant, and after a careful consideration of the entire record this court is of the opinion that the finding of the jury was fairly sustained by the evidence. Moreover, we think the jury's verdict was very merciful to defendant as under the evidence a conviction for the felony charge could have well been obtained.

The trial court clearly was very particular and cautious in the rulings made during the progress of this trial and it affirmatively appears that the substantial rights of the accused were duly protected and safeguarded by the fair and impartial rulings of the court in every instance where such rulings were invoked.

The numerous insistences of error upon this appeal are each without merit. The questions of law involved are elementary and simple, requiring, we think, no extended discussion.

■ It is apparent that the special charges refused to defendant, where properly stating the law, were all fairly and substantially covered by the excellent oral charge of the court. Moreover, these charges, as appear of record, are not presented for consideration on appeal as they bear no endorsement of the trial judge, which the statute requires. Section 9509, Code 1923, Code 1940, Tit. 7, § 273. It has many times been held that a statement made by the clerk to the effect that "said charges in writing were requested by the defendant which charges the court refused" is not a compliance with the statute, supra. Jarnigan v. State, 24 Ala.App. 153, 132 So. 48; Batson v. State, 216 Ala. 275, 113 So. 300; Freeland v. State, 28 Ala.App. 268, 182 So. 414, and cases cited.

■ The rulings of the court upon the admission of evidence, to which exceptions were reserved, are each free from injurious error. The principal insistence in this connection relates to the ruling of the court in allowing, over objection, certain witnesses to testify they belonged to the union. The Court limited the purpose of this testimony as bearing upon the interest or bias of the parties in question. In making these rulings the court emphatically, at the time, so limited the purpose of this testimony, and also in the oral charge to the jury on this question, the court said: "There is also evidence in this case, gentlemen, of affiliation with a social or labor union, and I charge you that that has got nothing to do with the issue in the case. That evidence was admitted solely to aid you, if it could be of any aid, in determining whether any witness or witnesses had any bias or interest. That went only to the question of what effect it would have upon the testimony witnesses, if any, and is in no sense an issue in this case."

From what has been said, there was no error in the action of the court in overruling defendant's motion for a new trial.

No error of a prejudicial nature appearing, and the record being in all things regular, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.