2 So.2d 422

### JONES v. STATE.

### 2 Div. 168.

Supreme Court of Alabama.

April 17, 1941.

Rehearing Denied June 5, 1941.

338

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

E. F. Hildreth and Jas. S. Coleman, Jr., both of Eutaw, for appellant.

THOMAS, Justice.

The appeal is from a judgment for murder in the first degree with imposition of the death penalty. The indictment charged: "The Grand Jury of said County charge that before the finding of this Indictment Robert Jones alias Robert Barnes unlawfully and with malice aforethought killed Mellie Jones alias Mellie Barnes by striking her or beating her with an axe handle, against the peace and dignity of the State of Alabama."

The proof was without conflict that the appellant killed his wife Nellie Jones alias Nellie Barnes by striking her with an axe handle. The court read the indictment to the jury as follows: "State of Alabama, Greene County, Circuit Court, Fall Term, 1940, the grand jury of said County charge that before the finding of this indictment Robert Jones, alias Robert Barnes, unlaw-

fully and with malice aforethought, killed Nellie Jones, alias Nellie Barnes, by striking her or beating her with an axe handle, against the peace and dignity of the State of Alabama."

The defendant's counsel did not call to the attention of the court that he had misread the indictment as to the *given* name of the wife who was killed by the defendant,—he merely asked for the general affirmative charge. As to this it is stated by the record that "upon completion of the Court's oral charge, and before the jury retired to consider its verdict, the defendant, in writing in open court, requested the court, in the presence of the jury, to give to the jury the following charge, which was in writing, written on a piece of paper, and presented to the court." The charge thus requested was: "I charge you, gentlemen of the jury, that if you believe the evidence in this case, you cannot convict the defendant."

The court refused to give said charge to the jury and to this action of the court, in refusing to give this charge, the defendant then and there in open court duly and legally excepted.

The bill of exceptions presents for review the refusing of the general affirmative charge, as requested and as required by statute, and in accordance with the decisions of this court. Code of 1923, § 9509, Code 1940, Tit. 7, § 273; Batson v. State, 216 Ala. 275, 113 So. 300; Little v. State, 58 Ala. 265; Freeland v. State, 28 Ala. App. 268, 182 So. 414, and authorities cited by Judge Samford. See, also, Russell v. State, 201 Ala. 572, 78 So. 916.

We may observe that a variance is not fatal, if the name of the deceased, or person injured, as indicated in an indictment and as shown by the evidence, is slight or immaterial *and such as to leave no doubt as to the identity of the deceased or person injured named.* Such is the instant case. In such case the trial court will not be put in error for refusing a defendant's requested affirmative charge.

The foregoing is the effect of our decisions, some of which are cited by the respective counsel.

The rule of an immaterial variance between the indictment and the proof, as we have above stated, is illustrated by a long line of decisions in this court extending from Ward v. State, 28 Ala. 53, 60, and

Aaron (A Slave) v. The State, 37 Ala. 106, to McCoy v. State, 232 Ala. 104, 166 So. 769, where the name of the person assaulted or killed as charged in the indictment and the subject of the proof was considered.

It may be further observed that the recent decisions of Sexton v. State, 236 Ala. 20, 180 So. 731, and Nettles v. State, 222 Ala. 236, 132 So. 41, consider the question of a variance where the subject was the statement of the defendant's name. In the Sexton case, supra, the earlier decisions are collected and perhaps, to some extent, qualified.

The evidence in the instant case conforms to the indictment as to the surname and alias of the deceased wife. There was a mistake in orthography as to her given name but the evidence was specific that the person named was the deceased wife of defendant and that her given name was Nellie.

The true rule which now prevails in this jurisdiction as to the name of the person alleged in an indictment to have been killed or injured and by which this case is governed is stated by Mr. Justice Foster in McCoy v. State, 232 Ala. 104, 166 So. 769, as follows: "The next matter argued by counsel for appellant is that the indictment alleges that defendant killed *Herbert* Pierce, whereas the evidence all relates to *Hubert* Pierce as the name of the man killed. Nowhere is there a ruling asked or made which takes note of any such difference in spelling. True the name of the dead man must be correctly stated, and a material variance is fatal. But a mere inaccuracy, where the identity of the person named in the indictment with the one named in the evidence is established, is not fatal under the modern rule. 31 Corpus Juris, 847. The rule adopted in this state is that if the variance in the name be so slight as scarcely to be perceptible, and the deceased would have been readily known by the name thus called, then such variance is immaterial. * * *" (Italics supplied.)

There was no evidence offered by the defendant on his trial under his pleas.

We find no reversible error, and the judgment of the circuit court is affirmed.

The date for the execution of the sentence of the law having passed pending this appeal, it is the order of this court that Friday, the 13th day of June, 1941, be and

it is hereby set for the date of execution of the sentence of the law.

Affirmed. Date of execution set for Friday, the 13th day of June, 1941.

All the Justices concur, except KNIGHT, J., not sitting.