323 So.2d 404

**Calvert Emile WESTFAUL**

v.

**STATE.**

**I Div. 609.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1975.

Rehearing Denied Oct. 21, 1975.

———◆———

Willis W. Holloway, Jr., Mobile, for appellant.

William J. Baxley, Atty. Gen., and Milton C. Davis, Asst. Atty. Gen., for the State.

TYSON, Judge.

The indictment charged the appellant, Calvert Emile Westfaul, with the indecent molestation of Cherie McLendon, a female child under sixteen years of age. The jury's verdict found the appellant "guilty of indecent molestation, as charged in the indictment," and the trial court then set sentence at three years imprisonment in the penitentiary.

Jackie Bailey testified that she was seven years old and in the second grade. She knew appellant as "Pee-Wee," and had been to his "trailer house." During the summer of 1974, she, her little sister, Gretchen, Cherin McLendon, and Desiree McLendon were at appellant's trailer swimming. Jackie stated that the four of them took a bath in appellant's trailer after which Gretchen went home. She said that after Gretchen had left, and while Cherin and she were in the back bedroom, the appellant came in and put his mouth on Cherin's private parts, and Cherin put her mouth on his private parts. The appellant also stuck his hand in Cherin's pants.

Huey McLendon testified that he was the father of Cherin McLendon, that she was seven years old, and that appellant lived off of Bailey's Marina Road in Mobile County, Alabama.

Cherin McLendon testified that she was seven years old and knew the appellant as "Pee-Wee." One day during the summer of 1974 she went to the appellant's trailer to go swimming. As to appellant's alleged misconduct, Cherin testified, "He made me

put my mouth on ————. He made me put my mouth on his privates." She said that at the time of the act, she and Jackie Bailey were in a back bedroom at appellant's trailer.

On cross-examination Cherin testified that the appellant was married to her mother.

Calvert Westfaul testified that he was forty-one years old, and had worked at Campbell Piping Company for fifteen years. He stated that Cherin and Desiree were twins and that he was married to their mother. Westfaul said that the twins lived with their mother and him until she went to a mental hospital at which time they went to live with his wife's ex-husband. He testified that he lived on Old East Fowl River, and that he remembered the girls going swimming, but he denied committing any illicit sexual acts with Cherin McLendon. Appellant's request for the affirmative charge was denied.

## I

Appellant's sole contention on appeal is that inasmuch as the indictment alleged the molestation of "Cherie McLendon," whereas all of the State's evidence pertained to a "Cherin McLendon," his request for the affirmative charge should have been granted as there was a fatal variance between the indictment and the State's evidence.

We do not find appellant's contention to be well taken. The rule in such cases is set out by Mr. Justice Thomas in *Jones v. State*, 241 Ala. 337, 339, 2 So.2d 422, 422–423 (1941):

"We may observe that a variance is not fatal, if the name of the deceased, or person injured, as indicated in an indict-

ment and as shown by the evidence, is slight or immaterial *and such as to leave no doubt as to the identity of the deceased or person injured named*. Such is the instant case. In such case the trial court will not be put in error for refusing a defendant's requested affirmative charge."

In *McCoy v. State,* 232 Ala. 104, 106, 166 So. 769, 770, the indictment alleged that defendant killed "Herbert Pierce," whereas the evidence all related to "Hubert Pierce" as the name of the man killed. There, the court stated:

" . . . True the name of the dead man must be correctly stated, and a material variance is fatal. But a mere inaccuracy, where the identity of the person named in the indictment with the one named in the evidence is established, is not fatal under the modern rule. 31 Corpus Juris, 847. The rule adopted in this state is that if the variance in the name be so slight as scarcely to be perceptible, and the deceased would have been readily known by the name thus called, then such variance is immaterial. . . . " Cases cited.

Therefore, the slight variance between "Cherie McLendon," as alleged in the indictment, and "Cherin McLendon," as shown by the evidence is not fatal. The trial court correctly refused the appellant's request for the affirmative charge. See also, *Hardie v. State,* 260 Ala. 75, 68 So.2d 35.

We have examined this entire record, as required by law, and find no error therein. The judgment is due to be and the same is hereby

Affirmed.

All the Judges concur.