(137 So. 679)

### HALFORD v. STATE.
### 4 Div. 823.

Court of Appeals of Alabama.
Nov. 17, 1931.

Sollie & Sollie, of Ozark, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

The burglary complained of in the indictment in this case was perpetrated on the night of April 25, 1929. The appellant was charged with the commission of the offense, and as a defense he set up an alibi. He testified himself, and offered several witnesses who also testified, that on the night in question he was at the home of one Joe Smith, above five miles distant from the store which was burglarized by some one. This testimony tended to show that this appellant and his mother went to the Smith home about an hour and a half before sundown on the afternoon of the 25th to "sit up" with the corpse of one of the Smith children; that he remained at the Smith home throughout the entire night; never left the premises for a moment, and was in the presence of the several witnesses, who testified in his behalf, during the entire night, leaving with his mother for his own home the next morning between daylight and sunup. If the foregoing was true, it was a complete defense to the accusation, for certainly a person could not commit a burglary in person if as a matter of fact he was at no time nearer than five miles of the building burglarized when the offense was committed.

To rebut the foregoing the state introduced as a witness one Leta Martin, who testified that she was the registrar of births and deaths for beats 1 and 14 of Dale county; and over the strenuous and repeated objections and exceptions of defendant the court allowed this witness to testify that "she had charge and custody of the death certificates of this county," and that she was in possession of a copy of the original death certificate of a child whose full name was George Pruitt Smith, whose father's name was Joe Smith, etc.; further, that the original death certificate was in Montgomery. And in the certificate it appears that the death of the child was on April 27, 1929, and not on April 25, 1929, as testified to by the several witnesses for defendant. The court permitted the state to introduce the uncertified copy of the death certificate in evidence, and appellant insists this was error manifestly injurious, and that a reversal should follow as a result of this ruling of the court. On the other hand, the state, through its Attorney General, insists, first, that the copy of the death certificate was admissible, and, second, that its introduction, if error, such error was without injury, and cites Supreme Court rule 45. This insistence is wholly untenable. The question involved is vital to this case, and in our opinion rule 45 has no field of operation in this connection.

The presumption of injury arises from the admission of illegal, irrelevant, or incompetent evidence, and will operate a reversal of a judgment of conviction, unless the presumption is clearly repelled. In other words, where error is shown, it is presumed to have worked injury to the party against whom it was committed, and, unless the contrary affirmatively appears, the judgment will be reversed. Moreover, rule 45 should be carefully applied where the life or liberty of a citizen is involved, and for this reason resort thereto in a criminal case is seldom indulged, and in no event is the rule invoked unless, as above stated, it clearly appears that the substantial rights of the accused have not been impaired or injuriously affected. In the ruling of the court under discussion, it was error to allow in evidence a mere uncertified copy of the death certificate in question. The case of Black v. State (Ala. App.) 136 So. 425,[1] is conclusive on this point, and mere reference to the Black Case, supra, obviates the necessity for an extended discussion in this connection.

The incriminating fact against the defendant on the trial of this case in the court below was limited solely to the evidence which tended to show that this appellant, some six weeks or more after the store was burglarized, was seen to be in possession of some of the property stolen from the store on the night of the burglary. The accused denied emphatically his possession of the stolen goods. This conflict in the evidence made a jury question. The possession of goods, recently after a burglary, which were stolen in the commission of the offense, devolves upon the possessor the onus of explaining the possession, if he would neutralize the unfavorable presumption the law raises. The settled rule in this state is that the possession of goods, recently after a larceny or burglary, which were stolen in the commission of the offense, imposes on the possessor of such stolen goods the onus of explaining his possession.

Other questions need not be discussed.

Reversed and remanded.

[1] Ante, p. 433.