160 So. 270

## HUIE v. STATE.

### 8 Div. 954.

Court of Appeals of Alabama.
March 19, 1935.

W. H. Long, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

That the burglary was committed, and that a quantity of goods were taken from the building in question at the time and in connection therewith, were sufficiently shown.

The testimony for the state tended to show that shortly, almost immediately, after the said burglary, appellant was seen in possession of a part of the goods taken at the time. This imposed on appellant the onus of explaining his possession. Halford v. State, 24 Ala. App. 540, 137 So. 679.

The .testimony he introduced tending to make this explanation, in connection with the presumption arising from his said possession (if, of course, the jury believed beyond a reasonable doubt he had said possession) made the question of his guilt vel non one for the jury. Dye v. State, 25 Ala. App. 138, 142 So. 111; Tyra v. State, 17 Ala. App. 92, 82 So. 631; Berry v. State, 22 Ala. App.

168, 113 So. 626; Norman v. State, 13 Ala. App. 337, 69 So. 362.

We have endeavored to perform our full duty under Code 1923, § 3258, in the light of the argument submitted here on behalf of appellant, but we find no other matters which seem to require discussion. It is apparent that no prejudicially erroneous action or ruling was taken or made throughout the proceedings leading to the judgment of conviction.

And the same is affirmed.

Affirmed.