23 So.2d 517

**WRIGHT v. STATE.**

**7 Div. 804.**

Court of Appeals of Alabama.

March 27, 1945.

Rehearing Denied June 19, 1945.

170

Wm. N. McQueen, Acting Atty. Gen., and Chas. M. Cooper, Asst. Atty. Gen., for the State.

Ross Blackmon, of Anniston, for appellant.

RICE, Judge.

Appellant was convicted of the offense of assault with intent to murder, and his punishment fixed at imprisonment in the penitentiary for a term of twenty years. Code 1940, Title 14, Section 38; Code 1940, Title 15, Section 328.

■ Appellant and one Ethel Bell Hill, a fifteen year old negro girl, were both employees of Lloyd's Bakery, in the City of Anniston.

Ethel Bell Hill testified that appellant urged her more than once to allow him to "come to see her," but that she steadfastly refused. She said that on a certain afternoon about 4:00 o'clock, he told her that if she did not accede to his request, he would kill her. Then, she said, on the next morning at about a "quarter to seven" he accosted her as she was on her way to work, while it was yet dark (it was January 14th), but under a street light, and made as if to grab her. She said she ran, appellant following, for some half a city block; and that as she reached an alleyway, where it was very dark, only some sixty feet from the door of the bakery where they both worked, appellant "hit her" with something, knocking her senseless.

The police were called; she was removed to a hospital, where it was found her skull was fractured. Nobody other than Ethel Bell Hill testified to seeing appellant about the place where she said she was struck.

Appellant's witnesses testified, as did he, himself, that he was inside the bakery about six:twenty-five or six:thirty on the morning Ethel Bell Hill said she "was hit," constantly, until nine o'clock A.M.

Appellant denied, in toto, the story told by Ethel Bell Hill as to his asking to "come to see her," accosting her, chasing her, or striking her.

It is a strange case; but one for the jury. In the view we have taken it is not necessary to spend more time on the conflicting testimony.

Appellant's witness, E. C. Lloyd, the owner of the bakery where appellant worked testified that appellant had worked for him about three years; that he knew his general reputation in the community, and that it was good.

On cross-examination of this witness Lloyd, the Solicitor asked him this question: "You didn't know that he had served a term in the State Penitentiary for assault with intent to murder?" Appellant's objection to this question was overruled, and due exception reserved. The witness answered: "Yes sir." Then followed this question and answer: "Q. You heard that he had served a term in the penitentiary of the State of Tennessee for assault with intent to murder? A. Yes sir."

The witness was then asked by the Solicitor this question: "You tell the jury a man that served a term of three years in the penitentiary has got a good character, for assault with intent to murder?" Appellant's objection to this question was overruled, and exception duly reserved. The witness answered: "I say his character has been fine since he has worked for me."

The following questions and answers, objections, motions, rulings and exceptions then immediately followed the above, viz.:

"Q. Have you heard anybody talk about him in any way? A. No Sir.

"Q. All you know is he is a good hand to work? A. A good negro.

"Q. And a good hand to work? A. A good hand to work; and attends to his business so far as I know anything about.

"Q. Just occasionally breaks in the penitentiary? A. I don't know about that.

"Mr. Blackmon (Attorney for Defendant): We object to that if your honor please and move to exclude it.

"The court: Overruled.

"Mr. Blackmon: We except."

■ In the first place, we will remark that, from the record as it appears, the answer of the witness Lloyd to the question (or statement?) by the Solicitor: "Just occasionally breaks in the penitentiary," followed so closely upon said "question" that appellant's counsel could not get his objection in, before same was delivered. Consequently, we believe, and hold, that he is entitled to have his "motion to exclude" said answer considered.

■ Under the decision and opinion in our recent case of Mullins v. State, 19 So. 2d 845, 847,[1] wherein Judge Carr was at

172

some pains to collect and cite a great many of the cases both from the Supreme Court and this Court dealing with the subject, we must hold that the trial court was in error in overruling appellant's objection to the question, above, to the witness Lloyd: "You tell the jury a man that served a term of three years in the penitentiary has got a good character, for assault with intent to murder?"

 We will not elaborate, but content ourselves with quoting a paragraph of Judge Carr's opinion in the Mullins case, viz.: "It is a well recognized rule that character must be shown and established by evidence of general repute. This does not contemplate proof of specific conduct. Without question, a person's behavior becomes a basis upon which his associates, friends and neighbors must rely in appraising his character or reputation. The inquiry, however, should not be directed to some particular performance, but rather the resultant of the course of behavior as it impresses the community life of the person whose character is involved. This rule applies with equal force to both direct and cross examination of a character witness. The permission allowed to wide latitude in cross examination does not permit an infraction of the principle stated above," citing Moulton v. State 88 Ala. 116, 6 So. 758, 6 L.R.A. 301. And see Way v. State 155 Ala. 52, 46 So. 273.

What excuse or justification there was for the Solicitor's quizzical interjection directed to Mr. Lloyd on cross-examination: "Just occasionally breaks in the penitentiary?"—referring to appellant—we are not told. The able Assistant Attorney General here representing the State takes the position that there was no objection interposed. But we have expressed our views on that phase of the question, hereinabove. We now remark that said "interjection" was improper, and probably hurtful to appellant's cause. Motion to exclude same should have been granted; and overruling same constituted error—prejudicial, as we have intimated.

Other questions apparent will not likely arise on another trial; and will not be here treated. But for the errors pointed out the judgment will be reversed and the cause remanded.

We would be derelict to our duty should we omit calling attention to the fact that whereas the learned trial judge in exercising his prerogative under the statute imposed upon appellant a sentence to imprisonment in the penitentiary for a term of twenty years, he at the same time ordered him "admitted to bail" pending his appeal to this court. This latter, of course, was not authorized by the law. Code 1940, Title 15, Section 372.

Reversed and remanded.

CARR, J., not sitting.