105 So.2d 146

James **THOMPSON**

v.

**STATE.**

**5 Div. 519.**

Court of Appeals of Alabama.

Aug. 19, 1958.

Rehearing Denied Sept. 9, 1958.

Wilbanks & Wilbanks, Alexander City, for appellant.

John Patterson, Atty. Gen., and Geo. Young, Asst. Atty. Gen., for State.

CATES, Judge.

Thompson was indicted for murder in the first degree for killing Jack Strong with a shotgun. The jury found him guilty of manslaughter in the first degree and fixed his punishment at eight years' imprisonment in the penitentiary.

Thompson had been at the home of deceased at one time during the evening of the killing, was stabbed by one Brad Henry, and had returned for revenge. Thompson kicked open Strong's door, and after being told Henry had gone, he shot Strong.

On cross-examination, Strong's wife stated that in her opinion the shooting was accidental. The prosecutor claimed surprise and then cross-examined his witness on that ground, attempting to show that she testified as she did in order to collect certain insurance carried on her husband's life. The witness denied that.

On cross-examination by the defendant, it was shown that she had informed the prosecutor on two previous occasions that her testimony would be as it developed, i. e., that the shooting was accidental. The trial judge then stopped the questioning, saying that the State could not cross-examine its own witness on the ground of surprise after it had been shown that there was no genuine surprise. He added that he had allowed such cross-examination previously because it had come in without objection.

During Strong's wife's testimony, the State introduced in evidence a photograph (Exhibit No. 3) which showed the

dead body as it lay in the room where the shooting took place. She identified the picture as truly representing Strong "as he lay, as he fell when he was shot." Pointing to a black and white object next to Strong's body, the solicitor asked:

"Q. Do you recognize that teddy bear? Whose teddy bear is that?

"Mr. Wilbanks: We object to that. It's prejudicial.

"The Court: It's just pointed out. Overruled.

"Mr. Wilbanks: Reserve an exception.

"A. It's my little baby's.

"Q. You say that's your little baby's teddy bear?

"A. Yes, sir."

While the ownership of the toy would ordinarily be immaterial, nevertheless, since the testimony established without contradiction that Strong's two little children were in the house at the time of the killing, the identification of the teddy bear was but part of the witness' describing the scene. That it incidentally might convey to the imagination of the jury the child's loss of its father, was but a consequence possible whenever a parent dies. Logan v. State, 251 Ala. 441, 37 So.2d 753.

The State's other witnesses were supportive of the foregoing résumé.

Appellant called seven character witnesses and rested.

■ The prosecutor asked one of the character witnesses, "If you know he spent his time in the neighborhood and visited and consorted with colored people would you still say he was a man of good reputation?" Appellant's counsel moved "that type question be excluded." The court granted the motion. Aside from the racial aspect, the question was not apt under the rule of Mullins v. State, 31 Ala.App. 571, 19 So.2d 845, as being based on a course of behavior rather than the impact of it on the community.

Ordinarily, improper questions not answered are harmless. Haney v. State, 20 Ala.App. 236, 101 So. 533; Moore v. State, 16 Ala.App. 503, 79 So. 201. No mistrial was requested nor was this question made a ground for new trial.

■ Appellant states that it was error to admit the coroner's testimony as to the cause of death, relying for reversal on Halford v. State, 24 Ala.App. 540, 137 So. 679. The Halford case was overruled in Slayton v. State, 234 Ala. 9, 173 So. 645. Moreover, the cause of Strong's death was not disputed, and the coroner's testimony came in without objection. See Huling v. State, 38 Ala.App. 598, 92 So.2d 47.

"Review here is limited to those matters upon which the action or ruling at the nisi prius proceeding was invoked," Harwood, J., in Lipscomb v. State, 32 Ala.App. 623, 29 So.2d 145, 147. See also description of appellate review in Lockwood v. State, 33 Ala.App. 337, 33 So.2d 401.

The only exception to this rule is in a case of ineradicable harm. Jackson v. State, 260 Ala. 641, 71 So.2d 825. However, the Jackson opinion says that ineradicable error (whether missed in the heat of trial or left dormant to avoid contention before the jury) nevertheless should be called to the trial court's attention by a motion for a new trial.

After a complete review of the record and consideration of all the points urged as error by appellant, it appears that there was no reversible error in the trial below, and that the judgment should be

Affirmed.