280 So.2d 797

**Thomas Jefferson HOUSTON**

v.

**STATE.**

**6 Div. 175.**

Court of Criminal Appeals of Alabama.

May 15, 1973.

Rehearing Denied June 12, 1973.

Rogers, Howard, Redden & Mills and Robert M. Harper, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

**538**

ALMON, Judge.

Appellant was convicted in Jefferson County Circuit Court of murder in the second degree and sentenced to fifteen years in the penitentiary.

Jerrell Dean Houston, the estranged wife of appellant, died as the result of a gunshot wound she received in the early morning hours of May 25, 1969. On the night of her death, she and a companion, Brenda Johnson, had been barhopping in and around Leeds. Appellant and Lloyd Johnson, the husband of Brenda Johnson, had also been visiting several bars in this same part of Jefferson County. There was evidence that during the evening appellant had become heavily intoxicated.

Sometime around midnight the deceased and Brenda Johnson began following a vehicle driven by appellant and occupied by Lloyd Johnson. Eventually both vehicles stopped and the deceased began driving appellant's vehicle with appellant as passenger. The Johnsons followed them in their own vehicle. Deceased drove to appellant's apartment and, being unable to persuade appellant to go to bed, deceased locked appellant's car, took the keys, and drove off in the Johnson vehicle.

Deceased then drove the Johnson vehicle around the block several times and then returned to the driveway leading to appellant's apartment. Brenda Johnson testified that after deceased parked, both deceased and appellant walked to the rear of the vehicle; that after hearing a shot she ran to the rear also and saw deceased on the ground; and that appellant said he had shot his wife and asked her to call an ambulance. Brenda Johnson further testified that she didn't see anything until after she ran to the rear of the vehicle.

Mr. Carl Phillips testified as a character witness for appellant. He testified both as to the appellant's good general reputation and his good reputation for peace and quiet in the community. On cross-examination the following questions were asked Phillips:

"Q. (BY MR. BOWEN) Mr. Phillips, have you heard or do you know that Mr. Houston was convicted for a felony and given five years in the penitentiary in 1938?

.    .    .    .    .    .

"Q. Do you know, Mr. Phillips, or had you heard, that Mr. Houston was convicted of a felony of distilling in the federal court in 1938 and sentenced to five years?

.    .    .    .    .

"Q. Do you know that he was arrested for public drunkenness in 1947?

.    .    .    .    .

"Q. Let me rephrase the question. Did you know, or have you heard, he was arrested for public drunkenness in 1947?

.    .    .    .    .    .

"Q. Did you know or had you heard he was arrested for driving while intoxicated in 1948?

.    .    .    .    .    .

"Q. Did you know or had you heard he was arrested for reckless driving in 1948?

.    .    .    .    .    .

"Q. Did you know or had you heard of [his] driving while intoxicated in 1949?"

Objections were made and overruled and Phillips was instructed to answer. To each question he responded in the negative.

■ Able counsel for appellant suggest that the above questions are illegal and improper in two particulars. First, that part of the questions, "Do you know," seeks improperly to elicit the witness's personal knowledge of the accused's prior misconduct. We agree. A character witness may be cross-examined as to whether he has knowledge of the circulation of derogatory rumors or hearsay concerning the character of the accused; but, the character witness's personal knowledge of specific misdeeds is not subject to inquiry on cross-examination. Robinson v. State, 44 Ala.App. 206, 205 So.2d 524; Johnson v. State, 260 Ala. 276, 69 So.2d 854. Numerous decisions have approved questions where the character witness was asked if he had "heard of" specific acts of misconduct by the accused; however, such testimony is admissible only as bearing on the credibility of the character witness and not as substantive evidence of the character of the accused. Mullins v. State, 31 Ala.App. 571, 19 So.2d 845; Aaron v. State, 271 Ala. 70, 122 So.2d 360; Baldwin v. State, 282 Ala. 653, 213 So.2d 819. Similarly, other decisions point out that the use of the words "Do you know," amounts to an inquiry of the witness's personal knowledge of the accused's misdeeds. Moulton v. State, 88 Ala. 116, 6 So. 758.

■ In the instant case the assistant district attorney phrased the questions in the alternative. We hold that as one alternative calls for the witness's personal knowledge, the entire question is improper and the trial court erred in overruling the objections thereto.

Secondly, counsel contends that the questions also are improper in that the inquiry is not limited to those rumors heard prior to the commission of the alleged offense. The rule appears to be that:

"The determinable inquiry is whether or not the witness heard the rumors prior to the commission of the alleged offense. . . ." Hallman v. State, 35 Ala.App. 534, 50 So.2d 6.

See also Ragland v. State, 178 Ala. 59, 59 So. 637; Mitchell v. State, 14 Ala.App. 46, 70 So. 991; and Aaron, supra. This rule is based upon the very practical reason that:

". . . Otherwise a witness who could conscientiously bear testimony to the good character of the defendant up to the time of the commission of the offense might be liable to have his testimony to some extent discredited by the rumors that are liable to spring up when a man is accused of a crime, or even by those which have been manufactured for the very purpose of breaking the effect of the character witness' testimony. Griffith v. State, 90 Ala. 583, 589, 8 So. 812."

Thus, the trial court erred in overruling the objections on this ground also.

■ However, were this the only error the trial court committed the judgment of conviction would not be reversed. The authority is conclusive that when the witness responds in the negative to improper inquiries relating to the accused's prior misconduct, the error in overruling an objection thereto is harmless, absent a showing of bad faith by the prosecutor. *Johnson,* supra; *Aaron,* supra; *Baldwin,* supra. In *Johnson,* supra, the Supreme Court of Alabama stated:

". . . Furthermore, no prejudicial error resulted to the defendant from the line of questions asked his character witnesses. Each of the witnesses testified that he had not heard of any such conduct on the part of the defendant. The

overruling on an objection to a question not answered by the witness or favorably answered to the objector, is not prejudicial error. Stephens v. State, 250 Ala. 123, 33 So.2d 245. But it is insisted that even though the questions were answered favorably to the objector, the very asking of the questions resulted in prejudice in the minds of the jurors toward the defendant. We cannot assent to this position. A matter of this kind is largely in the discretion of the trial court. Snead v. State, 243 Ala. 23, 8 So.2d 269. On the record before us, we are not prepared to say that the questions were asked in bad faith in order to poison the minds of the jury, without any sort of foundation for them. Snead v. State, supra."

Later in the cross-examination of Phillips, the following questions were posed:

"Q. Mr. Phillips, had you heard all the things I had asked that you had not heard, would you still be of the opinion Thomas Jefferson Houston was still a man of good reputation?

.    .    .    .    .    .

"Q. You still say that Thomas Houston, had you heard all those things, would you still say that Thomas Houston was a person of good reputation?"

Objections were made and overruled by the trial court. Phillips answered these questions in the negative.

In Way v. State, 155 Ala. 52, 46 So. 273, the character witness was asked:

"If a man was guilty of getting drunk and going to disreputable places and fighting, would that person have a good character?"

The court quoted a portion of the opinion in *Moulton,* supra, in explantion of why such questions are illegal:

" 'A witness to character cannot speak of particular acts, or even the course of conduct of the person inquired about, but

is confined to a statement of general reputation in the neighborhood in which he lives.' And so, too, it was held in that case that the cross-examination of a character witness must be conducted within the limits of this inquiry. The question asked was as to the particular acts and conduct, and could have had reference to no one else than the defendant. It was without the rule above laid down. Nor was the question proper, or the evidence sought competent, on the suggestion made by counsel for the state, to ascertain witness's standard of what it took to constitute good character. The answer to the suggestion is: The issue does not involve witness' standard of good character. The issue is good or bad repute in the community in which the person lives, whose character is inquired about. In overruling the defendant's objection to the question, the trial court committed reversible error. Moulton v. State, 88 Ala. 116, 6 So. 758, 6 L.R.A. 301; Thompson v. State, 100 Ala. 70, 14 So. 878."

In Austin v. State, 32 Ala.App. 371, 26 So.2d 424, upon authority of *Moulton,* supra, the following questions were held improper:

"Q. I asked him if he'd heard he had done these things, if in his opinion he was a man of good character in the community in which he lives?

.    .    .    .    .    .

"Q. Would you say a man who had done these things you've heard he had done, was a man of good reputation and a man of good character in the community in which he lives, Mr. Cooper?"

The aforementioned cases lead us to the conclusion that the hypothetical questions propounded the character witness on cross-examination were improper. Each of these two questions elicited testimony tending to show the witness's *concept* of "good reputation" as opposed to the *fact* of "good reputation," vel non. These cas-

es, and numerous others, unequivocally assert that a character witness's personal definition of "good reputation" is immaterial. See Thompson v. State, 39 Ala.App. 569, 105 So.2d 146, and Wright v. State, 32 Ala.App. 169, 23 So.2d 517, cert. denied 247 Ala. 180, 23 So.2d 519, for other examples of this type improper question.

For the foregoing reasons, the judgment is due to be reversed and the cause remanded for new trial.

Reversed and remanded.

All the judges concur.