This is an indigent appeal from a judgment that appellant was guilty under an indictment that contained a count for burglary *Page 365 
in the second degree and a second count charging appellant with larceny. The verdict of guilt was general. The sentence was four years imprisonment.
The subject of the burglary was a building, near a gravel or sand pit, in which tools were stored for use in connection with the business of removing and selling the sand and gravel. The owner of the stolen tools and of the storehouse or building housing the tools, was James Gillilan who testified that the value of the stolen tools was $5,000.
There was ample evidence that the storehouse was burglarized on the night of January 27-28, 1977. The identity of appellant as a guilty participant was a disputed issue in the case. The plea was not guilty.
It appears in the record that Mr. Gillilan discovered on the morning of January 28, 1977, that his storehouse, supra, or building had been burglarized. Mr. Roger Beam, an investigator with the Sheriff's Department of Blount County, was called to the scene and was given a description of the stolen tools. Mr. Gillilan described to him some identifying marks which had been made on the wooden handles of the stolen screwdrivers, i.e., the initials "MAC" with two notches.
Later in the morning of January 28, 1977, Investigator Beam went to the Roger Franklin residence with two police officers, Early Fowler and Ezra Poole. Roger Franklin was a brother of appellant. The officers were on a mission to investigate the burglary and discover possible leads or clues as to the guilty parties. They did not have a search warrant. Their presence on the premises of Roger Franklin was investigative as we view the record.
When they entered the premises they noticed three motor vehicles in the yard. One of them was a white Oldsmobile, which testimony from the record indicates belonged to appellant. Mr. Beam testified that as he passed the Oldsmobile, enroute to the dwelling house, he noticed a screwdriver with marks on it as indicated by Mr. Gillilan. The tool was lying on the back floorboard of the Oldsmobile in plain view. Suffice it to say that Mr. Gillilan, when shown the screwdriver by Mr. Beam, identified it as his property.
After the discovery of the screwdriver, one of the officers obtained a search warrant, and in the company of other officers returned to the Franklin residence. The officers searched the premises, but did not find any more of the stolen property.
However, another person, Jonathan Van Pelt, who was in the searched house, told the officers where they could find some more of the stolen items. Following this lead, the officers found additional stolen articles about one or two miles from the house. There was no direct evidence as to who put the stolen items at the place they were found. They were not on the searched premises of Franklin.
Because the screwdriver discovered in appellant's alleged automobile was one of the stolen tools, we think proof of actual or constructive possession of it by the appellant would give rise to a reasonable inference that he aided in placing the additional stolen loot in the other location.
We have read the entire record and conclude therefrom that the Oldsmobile (a white car) was the property of appellant of which he was in actual or constructive possession at the time the screwdriver was discovered on the rear floorboard. Witness Beam testified on voir dire outside the presence of the jury (Tr. 36, 37) that Roger Franklin told him that the Oldsmobile was defendant's car. Officer Fowler testified before the jury, without objection, that Roger Franklin, defendant's brother, stated (Tr. 99) that the Oldsmobile belonged to appellant.
Appellant complains that the seizure of the screwdriver which was in the Oldsmobile was without authority of law for the reason that the officers at the time of the seizure did not have a search warrant and were therefore, appellant argues, unlawfully on the premises.
With respect to the officers presence on the premises, we are unwilling to say that *Page 366 
they were trespassers. They were on an investigative mission, trying to find out some leads pertaining to the burglary. They were not intruders.
The Supreme Court in Alexander v. State ex rel. Carver,274 Ala. 441, 150 So.2d 204 (1963), observed:
 "* * * a policeman has the duty of not only enforcing municipal ordinances or bylaws, but he has the responsibility of enforcing state criminal laws and is charged with the duty of making arrests for such violations."
Also, United States v. Barone, 2 Cir., 330 F.2d 543, upholds the inherent right of a peace officer to enter and investigate in an emergency without the intent to search or arrest. This right is derived from the common law. It is to be noted that appellant in his brief, p. 12, states:
 "* * * There is no testimony to show that at the time the entry upon the premises was made that the officers intended to make a lawful arrest of anyone. * * *"
Nor is there any justification for an assertion that the officers at the first entry intended to search. Later, they reentered with a search warrant.
The screwdriver being in plain view, its seizure was not the fruits of an unlawful search. See Coolidge v. New Hampshire,403 U.S. 443 at p. 466, 91 S.Ct. 2022 at p. 2038,29 L.Ed.2d 564, where the U.S. Supreme Court stated:
 "What the `plain view' cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused. The doctrine serves to supplement the prior justification — whether it be a warrant for another object, hot pursuit, search incident to lawful arrest, or some other legitimate reason for being present unconnected with a search directed against the accused — and permits the warrantless seizure. * * *"
We are aware of the absence of any direct proof offered by the State that appellant broke into and burglarized the premises and took the screwdriver from the storehouse. But such direct proof is not essential to a conviction. We held inBreazeale v. State, 51 Ala. App. 320, 285 So.2d 130; cert. den.291 Ala. 774, 285 So.2d 134, as follows:
 "The position has been repeatedly taken by this Court and by other courts that upon proof that a burglary has been committed, the possession soon thereafter of goods stolen in the burglary affords a logical inference, in the absence of a satisfactory explanation of the possession, that the possessor was the burglar. Wildman v. State, 42 Ala. App. 357, 165 So.2d 396; Miller v. State, 43 Ala. App. 287, 189 So.2d 576; Rutherford v. State, 48 Ala. App. 289, 264 So.2d 210, cert. denied 288 Ala. 750, 264 So.2d 214. The rule applies alike to burglary and larceny, * * *."
See also, Atwell v. State, 50 Ala. App. 290, 278 So.2d 739, Vol. 4, Ala. Digest Burglary 42 (1). We wish to note that appellant did not take the stand either before the jury or on his motion to suppress. There is evidence, by a witness for the State, that appellant denied ownership of the Oldsmobile. Under the evidence we conclude that defendant's ownership and possession of the Oldsmobile was a jury question.
It is to be noted that the legality of the search pursuant to a search warrant is not a lawful issue in this case. The evidence shows that nothing incriminating against appellant was found when the officers searched the premises of defendant's brother, Roger Franklin, where appellant was visiting. The screwdriver, Exhibit No. 1, was in plain view of the officer and was lawfully seized. Segers v. State, 283 Ala. 694,220 So.2d 882 (3); Harris v. United States, 390 U.S. 234,88 S.Ct. 992, 19 L.Ed.2d 1067.
Appellant complains that the court erred in overruling his motion for a mistrial arising as follows:
"Q. What had you received in the way of information? *Page 367 
 MR. PRICKETT: I object to that, that is heresay (sic). Mr. Fowler is here to testify.
 THE COURT: (To the witness) was this part of your investigation of the offense of which the defendant is charged?
"A. Yes, sir.
THE COURT: Overruled.
MR. PRICKETT: We except.
 "A. Chief Earley Fowler advised me that he had known these people prior to this time, and they were known burglars and that . . .
 MR. PRICKETT: Your Honor, we object to that on the grounds of first of all, that is heresay (sic).
THE COURT: Sustained.
 MR. PRICKETT: And I move for a mistrial at this point because that is inadmissible as evidence in its entirity (sic).
 THE COURT: I will sustain the objection and Ladies and Gentlemen of the Jury you will not consider the statement the witness said.
 MR. PRICKETT: I would like a ruling of my motion for a mistrial.
 THE COURT: Overruled. Do not consider Ladies and Gentlemen the evidence the witness gave in response to that question."
It is to be noted that appellant's objection was made on the ground that it was "heresay" (sic). Defendant was bound by this ground. Prince v. State, 50 Ala. App. 644, 282 So.2d 83 (4).
The trial court immediately instructed the jury twice that they should not consider this evidence. These instructions were clear, emphatic and decisive. We hold that any prejudicial effect of this evidence was eradicable and was cured by the court's instructions. Gavin v. State, 52 Ala. App. 469,294 So.2d 169 (1, 2), cert. den. 292 Ala. 722, 294 So.2d 170; Woodsv. State, Ala.Cr.App., 344 So.2d 1225 (1); writ quashed, ExParte Woods, Ala., 344 So.2d 1230 (1).
Another contention is that defendant was entitled to change of venue pursuant to his unverified motion therefor. It does not appear that this motion was called to the court's attention. No evidence was taken, no ruling of the court was invoked, and no ruling appears. Under such circumstances there is nothing for this Court to review. Statham v. Statham,282 Ala. 322, 211 So.2d 456 (1); Cash v. Usrey, 278 Ala. 313,178 So.2d 91.
Appellant also contends:
 "* * * When the record is viewed in it's entirety, a pattern of bias and hostility may become apparent which clearly demonstrates the prejudicial misconduct of the trial judge and requires a reversal of the judgment of conviction. * * * With the jurors' mind so severely prejudiced, it would have been impossible for the defendant to have obtained a fair and impartial trial. Therefore, the defendant urges that the judgment of conviction must be reversed."
We have reviewed the transcript of the evidence in its entirety, word for word, and we conclude that the court's rulings were fair and unbiased. There is no merit whatsoever in appellant's contention. We not only decline to agree with appellant's accusation, but we commend the Court for its fairness.
We conclude with a final statement that the issues presented jury questions. The motion to suppress the evidence was properly denied or overruled. There was no motion for a new trial. We find no error in the record to justify a reversal. The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur, except BOOKOUT, J., who concurs in result only. *Page 368