WRIGHT, Presiding Judge.
This is a case involving application of Rule 59.1, A.R.Civ.P.
The parties were divorced October 2, 1981. Appellant moved for new trial on October 30,1981. A hearing on the motion was set for November 13,1981. The record contains an entry on the case action summary sheet as follows: “1-15-82 — Case passed to be reset due to injury of counsel for plaintiff. Ralph D. Cook-Judge.”
There is no explanation on the record as to why the setting for November 13, 1981, was not held. Neither is there explanation as to why there was no subsequent entry until January 15, 1982. It is apparently agreed in brief that a hearing on the motion was to be held on that date, but was passed because of the injury to plaintiff’s attorney and was to be reset at some future time. It was not reset and the ninety days allowed for a ruling by Rule 59.1 expired without such ruling.
On March 26, 1982, almost five months after the date of filing of the Rule 59 motion, an order was entered denying the motion. In that order, the trial court found that defendant’s consent to the continuance of the motion on January 15, 1982, was not a consent to extend the period of ninety days. Therefore, the motion was deemed denied on the ninetieth day by the terms of Rule 59.1. The notice of appeal from such denial was filed on April 22, 1982. Such filing was much later than forty-two days from the denial of the motion for new trial by operation of Rule 59.1. Rule 4(a)(3), A.R.A.P. Personnel Board for Mobile County v. Bronstein, 354 So.2d 8 (Ala.Civ.App.1977).
Therefore, this court is without jurisdiction of this appeal. The motion for dismissal is granted.
APPEAL DISMISSED.
BRADLEY and HOLMES, JJ., concur.