Adolphus Wedgeworth was indicted for the murder of one Lenora May Wedgeworth in violation of § 13A-6-2, Code of *Page 196 
Alabama 1975. The jury returned a verdict of guilty as charged in the indictment and the trial court sentenced him to 15 years' imprisonment.
The evidence shows that the appellant and the deceased's father, Frank May, drove around drinking on the afternoon of July 19, 1980. Later that same afternoon the appellant went to the home of his ex-wife, Lenora May Wedgeworth, to talk to her. During this visit, the appellant shot Ms. Wedgeworth, causing her to sustain injuries from which she subsequently died. The appellant left the house and subsequently disposed of the gun. Upon learning that Ms. Wedgeworth had died, the appellant turned himself in to the police.
The sufficiency of the evidence is not challenged by the appellant and after a review of the record in this cause we find no error prejudicial to the appellant.
 I
The appellant argues on appeal that the trial court committed reversible error in allowing the prosecution to question the appellant's character witnesses as to a prior specific misdeed of appellant.
The general rule in such a case as this is that if a witness testifies, at the calling of the accused, to the accused's good general reputation as a whole, the State may, on cross-examination, ask him whether prior to the time of the alleged offense, he heard reports, rumors or statements derogatory as to the accused. The purpose of the State's capacity to do this is not to prove the bad reputation or character of the accused, but to test the credibility of the character witness. Gamble, McElroy's Alabama Evidence, § 27.01 (5), 1975 and cases cited therein. In so doing, the State may inquire as to specific acts of the accused and this may include prior convictions. Frazier v. State, 366 So.2d 360 (Ala.Cr.App. 1978); Jackson v. State, 353 So.2d 40 (Ala.Cr.App.), cert. denied, 353 So.2d 48 (Ala. 1977); Crowe v. State, 333 So.2d 902
(Ala.Cr.App.), cert. denied, 333 So.2d 906 (Ala. 1976); Travisv. State, 397 So.2d 256 (Ala.Cr.App.), writ denied,397 So.2d 265 (Ala. 1981).
The form of the question asked by the State should be "Have you heard" of such occurrence prior to the commission of the offense for which the defendant is on trial. Veith v. State,48 Ala. App. 688, 267 So.2d 480 (Ala.Cr.App. 1972); Aaron v. State,271 Ala. 70, 122 So.2d 360 (1960); Ragland v. State, 178 Ala. 59,59 So. 637 (1912). In the present cause the State asked the following questions of the accused's character witnesses after they had testified to the accused's good general reputation:
 (On cross-examination of Bernie L. McHugh) (R. 266-267)
 "Q. Let me ask you this: You have known him for 20 years. Prior to July the 19th, 1980 had you heard rumors and reports in the community out there where he worked that he had been arrested for grand larceny?
"A. No, sir, I haven't.
"Q. You had not heard that?
"A. No, sir."
(On cross-examination of John Hawkins) (R. 269)
 "Q. Mr. Hawkins, let me ask you this: You say you have known him 22 years?
"A. Yes, sir.
 "Q. Has that been primarily out there at work at Connor's Steel?
"A. Yes, sir.
 "Q. Y'all didn't get together socially away from work or go to each other's home or visit with each other?
"A. Yes, sir, we have.
". . .
 "Q. Prior to July the 19, 1980 had you heard rumors and reports out there in the community where you work with him, and more specifically on March the 3, 1961, Mr. Wedgeworth was convicted of grand larceny?
"A. No, sir.
"Q. You did not know that?
"A. No. sir."
It is clear from our examination of the record and from the foregoing authorities, *Page 197 
that the trial court committed no error in allowing the above questions. Therefore, the judgment of conviction is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.